IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHRYSLER GROUP LLC,<br><br>Defendant. | No. 08 CV 1067 |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Chrysler LLC n/k/a Old Carco LLC, engaged in unlawful employment practices on the basis of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), when it subjected Michelle Zahn and Donna Hobbs (collectively "Charging Parties") to harassment, threat of discharge, and adverse terms and conditions of employment in retaliation for their perceived and/or anticipated complaints of discrimination based on sex. Subsequently, by stipulation of the EEOC, Chrysler LLC n/k/a Old Carco LLC, and Defendant, Chrysler Group LLC ("Chrysler Group"), an Amended Complaint was filed substituting Chrysler Group for Old Carco LLC as the defendant and alleging that Chrysler Group is liable for the claims asserted in this action. Chrysler Group filed an Answer denying the EEOC's allegations.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved finally by entry of this Consent Decree ("Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of the Amended Complaint filed by the EEOC and shall be binding on the EEOC and

1

Chrysler Group; on Chrysler Group's directors, officers, employees, successors, and assigns; and on all persons in active concert or participation with Chrysler Group's directors, officers, employees, successors, and assigns.

### FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties;

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just and the rights of the EEOC, Chrysler Group, the Charging Parties, and the public interest are adequately protected by this Decree; and

    c. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Parties, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

### INJUNCTION AGAINST EMPLOYMENT DISCRIMINATION

5. Chrysler Group and its officers, agents, management employees (including supervisory employees), successors, and assigns are hereby enjoined from engaging in any form of employment discrimination prohibited by Title VII, including but not limited to: (1) any form of retaliation against any person because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree; and (2) taking any action against a person that is intended to prevent or deter such person from opposing an unlawful employment practice

prohibited by Title VII or to deter such person from participating in the filing, investigation, processing, or resolution of any charge or claim of discrimination under Title VII.

## MONETARY RELIEF

6. Subject to the terms and conditions of this Decree, Chrysler Group shall make payments ("Payments") to the Charging Parties in the following amounts:

| Donna Hobbs | $20,000.00 |
| Michelle Zahn | $40,000.00 |

Chrysler Group will issue an IRS Form 1099 to each Charging Party in connection with the above-noted payments.

7. No later than thirty (30) days after entry of this Decree and receipt by Chrysler Group of a copy of a Release Agreement executed by each Charging Party (in the form set forth in Exhibit A to this Decree), whichever is later, Chrysler Group shall issue and mail to each Charging Party, by certified mail, a check for damages in the amounts specified in Paragraph 6. Contemporaneously, Chrysler Group shall submit copies of the above-noted checks to the EEOC. If any portion of the Payments is not issued and mailed within thirty (30) days ("unpaid amount"), then, for each business day beyond the thirtieth day that such portion remains unpaid, Chrysler Group shall additionally pay to the Charging Party, in the manner set forth above, an amount equal to the greater of $50 or 0.1 % of the unpaid amount.

## POSTING OF NOTICE

8. No later than ten (10) business days after approval and entry of this Decree, Chrysler Group shall post copies of the Notice attached as Exhibit B to this Decree at its Milwaukee National Parts Distribution Center in Milwaukee, Wisconsin ("Milwaukee NPDC"), on each of the bulletin boards usually used by Chrysler Group for posting notices directed to employees. The Notice shall remain posted for the term of this Decree. Chrysler Group shall take all reasonable steps to ensure that the posting is not altered, defaced, or

covered by any other material. No later than ten (10) business days after entry of this Decree, Chrysler Group shall certify to the EEOC in writing that the Notice has been properly posted. Chrysler Group shall permit a representative of the EEOC to enter Chrysler Group's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

9. During the term of this Decree, Chrysler Group's Milwaukee NPDC shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (including grievances) by any employee, applicant, or entity representing any employee(s), of employment discrimination or retaliation prohibited by Title VII and this Decree and of which Chrysler Group has oral or written notice. For each such complaint or report, the above-noted records shall include: (i) the name of the complaining or reporting person or entity (including, as applicable, social security number, address, and telephone number); (ii) the date of the complaint or report; (iii) a written description of what was alleged in the complaint or report; (iv) the names of any witnesses; (v) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Chrysler Group took; and (vi) if the complaint or report was made in written form, a copy thereof.

10. Chrysler Group shall require personnel within its employ and control, whom the EEOC requests for purposes of verifying compliance with this Decree, to cooperate reasonably with the EEOC and to be interviewed. For those personnel within Chrysler Group's employ but not within its control, Chrysler Group shall provide the EEOC with current contact information, including addresses and telephone numbers.

### ADOPTION, POSTING, AND DISTRIBUTION OF POLICY AGAINST EMPLOYMENT DISCRIMINATION

11. Chrysler Group shall affirm, in writing, a policy against employment discrimination ("Policy") within thirty (30) calendar days after the approval and entry of this Decree and shall maintain such Policy for the term of this Decree. Additionally the Policy shall, at a minimum:

    a. specifically prohibit all forms of discrimination prohibited by Title VII;

    b. inform employees that they are entitled to make complaints or reports of unlawful employment discrimination to Chrysler Group and to the EEOC;

    c. inform employees that Chrysler Group will investigate thoroughly and promptly all complaints and reports of unlawful employment discrimination and shall provide that employees who violate the Policy are subject to discipline up to and including discharge; and

    d. inform employees that filing a complaint or report of unlawful employment discrimination to the EEOC will not deprive an employee of his or her rights under any applicable collective bargaining agreement, including access to any grievance procedure.

Chrysler Group shall forward a copy of the Policy to the EEOC within thirty (30) calendar days of the approval and entry of this Decree. The inclusion of this Paragraph in the Decree does not represent the EEOC's or the Court's approval of Chrysler Group's anti-discrimination policy.

### TRAINING

12. No later than ninety (90) calendar days after the entry of this Decree, all employees at the Milwaukee NPDC who have supervisory or managerial functions at the

Milwaukee NPDC shall participate in a training session, conducted by a trainer paid for by Chrysler Group and approved by the EEOC, regarding the law pertaining to employment discrimination, including the obligations of employment agencies and employers under Title VII. A registry of attendance shall be maintained for the training session.

13. Chrysler Group shall obtain the EEOC's approval of its proposed trainer prior to the commencement of the training session described in Paragraph 12. The EEOC shall not unreasonably withhold its approval. Chrysler Group shall submit the name, address, telephone number, resume and training proposal of the proposed trainer (including a summary of proposed content to be presented) to the EEOC at least twenty (20) business days prior to the proposed date of each training. The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event the EEOC does not approve Chrysler Group's proposed trainer, Chrysler Group shall have five (5) business days to identify an alternate trainer. The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under Paragraph 16.

14. Chrysler Group shall certify to the EEOC in writing no later than five (5) business days after the training session described in Paragraph 12 that the training required by this Decree has taken place and that the required personnel have attended. Every certification of training described in this Paragraph shall include: (i) the date, location and duration of the training; (ii) a copy of the registry of attendance, which shall include the name and position of each person trained; and (iii) copies of any and all pamphlets, brochures, outlines or other written materials provided or displayed to the personnel attending the training session(s).

## REPORTING

15. Chrysler Group shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the period in which this Decree is effective. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that final Semi-Annual Report shall be due one (1) month prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

(a) copies of all records described in Paragraph 9 for each complaint or report of discrimination at the Milwaukee NPDC during the six (6) month period preceding the Semi-Annual Report, or a certification by Chrysler Group that no such complaints or reports were received during that period; and

(b) a certification by Chrysler Group that the Notice required to be posted in Paragraph 8, above, remained posted in the manner required by that Paragraph during the entire six (6) month period preceding each Semi-Annual Report.

## DISPUTE RESOLUTION

16. If during the term of this Decree either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## TERM OF THE DECREE AND RETENTION OF JURISDICTION

17. All provisions of this Decree shall be in effect (and the Court will retain

7

jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately following the approval and entry of the Decree, provided, however, that if, at the end of the term of the Decree, any disputes under Paragraph 16, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

### MISCELLANEOUS PROVISIONS

18. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

19. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Chrysler Group. Prior to any sale or other transfer of Chrysler Group's business or sale or other transfer of all or a substantial portion of Chrysler Group's assets, Chrysler Group shall provide to any potential purchaser, potential transferee, or other potential successor, a copy of this Decree.

20. When this Decree requires a certification by Chrysler Group of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Chrysler Group.

21. The provisions of this Decree shall apply to the operation of Chrysler Group's Milwaukee NPDC only.

22. When this Decree requires the submission by Chrysler Group of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Chrysler Group Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. When this Decree requires submission by the EEOC of materials to the Milwaukee NPDC, they shall be mailed to: Ms. Lisa Wicker, Vice President, Office of Diversity, Chrysler Group LLC, 1000 Chrysler Drive, Auburn Hills, MI 48326.

SO ORDERED, ADJUDGED and DECREED on this 25th day of May, 2011.

_____
Magistrate Judge William E. Callahan
United States Magistrate Judge

Agreed as to form and content:

For the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
BRAD FIORITO
Trial Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
GRAYSON WALKER
Trial Attorney

For CHRYSLER GROUP LLC:

_____
Stephen E. Balogh
Trial Attorney, Outside Counsel

## EXHIBIT A

## RELEASE AGREEMENT

In consideration of $40,000 to be paid to me by Chrysler Group LLC in connection with the resolution of *EEOC v. Chrysler Group LLC*, No. 08 cv 1067 (E.D.Wis.), I waive my right to recover for any claims of employment discrimination arising under Title VII of the Civil Rights Act of 1964 that I had against Chrysler Group LLC, on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. Chrysler Group LLC*.

Signature:_____ Date: _____
            Michelle Zahn

## EXHIBIT A

## RELEASE AGREEMENT

In consideration of $20,000 to be paid to me by Chrysler Group LLC in connection with the resolution of *EEOC v. Chrysler Group LLC*, No. 08 cv 1067 (E.D.Wis.), I waive my right to recover for any claims of employment discrimination arising under Title VII of the Civil Rights Act of 1964 that I had against Chrysler Group LLC, on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. Chrysler Group LLC*.

Signature:_____ Date: _____
           Donna Hobbs

## EXHIBIT B

## NOTICE TO CHRYSLER GROUP EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Eastern District of Wisconsin in *EEOC v. Chrysler Group LLC*, No. 08 cv 1067, resolving a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC") against Chrysler Group LLC ("Chrysler Group").

In its suit, the EEOC alleged that Chrysler Group was liable for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), including retaliating against employees in order to deter them from making complaints of employment discrimination.

To resolve the case, Chrysler Group and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Chrysler Group will make monetary payments to the individuals who were affected by the alleged violations of Title VII.

2) Chrysler Group will not retaliate against any person because he or she makes or files a complaint of discrimination, opposes any discriminatory practice prohibited by Title VII, participates in any Title VII proceeding, or asserts any rights under the Consent Decree; and

3) Chrysler Group will maintain a policy prohibiting discrimination and will train all employees at Chrysler Group's Milwaukee National Parts Distribution Center who have supervisory or managerial functions at that facility regarding prohibited discrimination and Chrysler Group's policy.

The EEOC is the federal agency that enforces the nation's laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment and pregnancy), religion, national origin, age, disability, and retaliation. Further information about the EEOC and these laws is available on the EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination, you may contact the EEOC by phone at 312-869-8000, or by TTY at 312-869-8001. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Chrysler Group Consent Decree Compliance, Legal Unit, U.S. E.E.O.C, 500 West Madison Street, Suite 2000, Chicago, IL 60661.**

May 25, 2011
Date

U.S. Magistrate Judge William E. Callahan, Jr.
U.S. District Court